———o———

No. 6247.

ALBERT FABACHER vs. CHARITY HOSPITAL.

Syllabus.

Although in the interpretation of contracts words may sometimes be supplied to make clear that which is not so; yet nothing may be added the effect of which is to change the meaning of that which is otherwise clear.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 107,371. Honorable G. H. Theard, Judge.

Cage, Baldwin, Crabites & Watkins, for plaintiff and appellant.

H. Gamble, R. C. S. Reid, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The late John Saal, having a contract with the defendant to furnish it with milk, gave, during the course of the

·contract, an order upon defendant in the following words, to-wit:

> "Please honor my order for Albert Fabacher for check of milk account and turn same over to him every month until further notice."

Plaintiff contends that this was an **assignment** of all monies due and to become due said Saal under said contract; the administration of the succession of Saal claims that it was a mere **mandate**, or power of attorney, revocable at will, and actually revoked by the death of said Saal.

On its face the above purports to be a mere mandate. Saal, by reserving to himself the unqualified right to revoke his order, clearly retained full control and dominion over the·fund arising from the contract with defendant.

But plaintiff shows that, at the time the above order ·was given, Saal was indebted to him in a large sum of money, and he therefore contends that under the circumstances, the terms "until further notice" are to be interpreted as meaning **until payment in full of Saal's indebtedness to Fabacher, of which due notice should be given.**

It is said in his brief, page 5: We interpret the final clause "until further notice" to mean that Saal intended to pay Fabacher in full, and that **after such payment** he reserved the right to notify the Hospital, etc. (Black letters ours.)

But the terms "until further notice," used without restriction, cannot be construed in the manner contended for. To do so would be **to add to them,** not for the purpose of making clear that which is not so, but of giving a new and different meaning to that which by itself is per-

fectly clear; in other words to make a contract for the parties.

McConnel vs. City, 35 An., 273.

The district judge thought the order relied upon a mandate, and not an assignment, and his conclusion appears to us correct.

Judgment affirmed.

Opinion and decree, January 5th, 1915.